William J. Regan, S.
This is an application by the City of Dresden for the payment of accumulated income in the trusts of Richard F. Taggesell and Carl H. Taggesell, the principal of which may now be paid due to the death of the income beneficiaries.
The will of Richard C. R. Taggesell, insofar as it is appropriate, dated November 21, 1934, states: “ The balance of the annual net income, if any * * * three-fourths (%ths), thereof, I give and bequeath to the City of Dresden, Germany, absolutely and forever. It is my wish, however, that any such net income to the City of Dresden, Germany, be used for charitable purposes.
‘ ‘ And upon the death of my said son * * # then I give and bequeath * * * the remaining three-fourths (%ths) thereof to the City of Dresden, Germany, absolutely and forever. It is my wish, however, that the City of Dresden, Germany, use the same for charitable purposes.”
This court took extensive testimony on May 8 and 9 from two witnesses from the German Democratic Republic, commonly referred to in the United States as East Germany or D.D.R. Dr. Manfred Hofmann of East Berlin is an international lawyer and former Judge who was asked to appear in this proceeding by the City of Dresden. The other witness, Herbert Neubecker, is a member of the City Council of Dresden and its Commissioner of Finances. As a result of this hearing the court is satisfied that the German Constitution has authorized city councils and city parliaments authority to regulate their own affairs. Cities, pursuant to present law in the D.D.R., may inherit property, both real and personal, from outside the D.D.R. If the bequest is in excess of 50,000 marks it is to be accepted by the city parliament, a body of two hundred people, who, as concerns the City of Dresden, would have the authority to determine the manner in which the bequest is to be spent. Such determination is binding. The Commissioner of Finances is in charge of finances within the city, including the preparation of the budget and the actual disbursement of funds. It is his responsibility to make a recommendation to the city parliament as to the use to which the money would be put and then his further responsibility to administer the use of the funds pur *628 suant to the authorization of the city parliament. Mr. Neubecker, as indicated above, is the Commissioner of Finances of the City of Dresden.
This court is satisfied that a bequest such as the one in question would not be used for normal operating expenses of the City of Dresden. There has been filed with this court a determination by the appropriate German official that this inheritance will not be subject to estate taxes. A formal declaration will be obtained from the city parliament of Dresden accepting the bequest. Mr. Neubeeker has advised the court that he will recommend that the proceeds of the Taggesell estate be used to rebuild a home for elderly women that was badly damaged during the bombings of World War II. He presented to the court pictures of the building as it was originally constructed and pictures showing the damage inflicted as a result of the bombing. The court believes that Dr. Neubeeker will recommend to the city parliament that the Taggesell funds be used for this purpose and that the city parliament will authorize this expenditure in this manner. He has further agreed, and Dr. Hoffmann concurs, that there will be no difficulty in obtaining authorization for the placement of a suitable plaque on the building as restored indicating that the funds came from the Richard C. R. Taggesell estate of Buffalo, New York, United States of America.
As a result of this hearing, in which a great many exhibits were introduced and very lengthy testimony taken, this court is satisfied that the bequest will, in fact, be used for charitable purposes in accord with the intent of the deceased. The court is satisfied that the bequest can be paid to the City of Dresden under appropriate German law and that it will not be subject to an estate tax and that it will, in fact, be used in the City of Dresden in the manner described by Mr. Neubeeker. This court has had an opportunity to observe Mr. Neubeeker and to discuss the matter with him at some length during that hearing, and believes that every effort will be made to satisfy the intent of the deceased.
Therefore, it is the decision of this court that the income in the Richard C. R. Taggesell estate accumulated from both trusts should be paid to the City of Dresden, and that the proceeds of the Richard F. Taggesell trust should also be paid to the City of Dresden upon receipt by this court of a certification from the city parliament that the funds will be accepted by the City of Dresden and will be used for the reconstruction of an old peoples’ home and further that a suitable plaque will be installed *629 indicating that the bequest comes from the Richard C. R. Taggesell estate of Buffalo, New York. The witnesses have assured this court that they will furnish it with proof that the reconstruction work has in fact taken place and will present this information to the court, either directly or through Mr. Popper, including photographs and any other appropriate materials.
All expenses and fees relevant to this hearing, other than the ordinary expenses of judicial settlement, shall be allocated to the Dresden Fund.